# Howard et al. *versus* McLaughlin.

A., having obtained a judgment before a justice of the peace against B., of the firm of B. & C., issued an attachment execution thereon against D., who was indebted to the firm. Judgment was entered in favor of A. for half the amount of D.'s indebtedness, that sum being fixed by the justice as the amount belonging to B. This amount was then paid by D. to A. C. had no notice of these proceedings and gave no assent thereto, but did not deny that he had knowledge thereof. The firm B. & C. afterwards incurred indebtedness to E., who, having reduced his claim to judgment, also issued an attachment execution against D. D. paid one-half his indebtedness to the firm of B. & C. to E., but defended as to the residue on the ground that he had already paid the sum to A. *Held*, conceding the irregularity of the attachment procedings by A. against

[Howard v. McLaughlin.]

D. as garnishee before the justice of the peace, that nevertheless said justice had jurisdiction of the case, that a judgment having been entered therein by him which was not objected to by B., C. or D., the same was conclusive as to E., and that therefore the firm of B. & C. was in the present proceedings entitled to judgment.

June 20th 1881.  Before Sharswood, C. J., Mercur, Gordon, Paxson, Trunkey, Sterrett and Green, JJ.

Error to the Court of Common Pleas of *Cameron county :* Of May Term 1881, No. 177.

Attachment execution by Stephen McLaughlin against C B. & W. Howard, garnishees of Miles & Bell.  The attachment was issued upon a judgment obtained August 13th 1877, by the plaintiff against the said Miles & Bell.  The debt, on which the judgment was recovered, was contracted July 15th 1877.

The garnishees filed an answer to interrogatories, and the case was, by agreement, tried before Williams, P. J., without a jury.  He found the facts to be substantially as follows : On May 28th 1877, the above named garnishees were indebted to Miles & Bell, a firm consisting of J. D. Bell and R. Miles, in the sum of $112.84.  One Fink, who had obtained a judgment before a justice of the peace against J. D. Bell, of the firm of Miles & Bell, issued an attachment execution thereon against the above named garnishees, and on May 28th 1877, judgment was rendered by the said justice of the peace against them for $56.42.  This sum was arrived at by dividing the above mentioned indebtedness of the garnishees to the firm of Miles & Bell into two equal parts and treating one of these parts as belonging to J. D. Bell.  This judgment was paid by the garnishees before the attachment in this case was served.  R. Miles, the other member of the firm of Miles & Bell was not served with notice of this attachment issued by the justice, and did not assent to the appropriation of the partnership funds to the payment of the separate debt of J. D. Bell.

The garnishees, in their answer in this case, admitted that they owed the remaining half of said indebtedness to Miles & Bell ($56.42), and they paid the same to the plaintiff, McLaughlin, before the trial of this attachment.

Upon these facts, the learned judge found, as a matter of law, as follows :  "That the debt of $112.84 due from W. & C. B. Howard to Miles & Bell belonged to the firm of Miles & Bell.  That Fink, the separate creditor of J. D. Bell, was only entitled to reach by execution process the resulting interest of his debtor in the partnership effects, after the debts of the partnership were paid.

"That the justice who rendered judgment for $56.42 against W. & C. B. Howard, garnishees of J. D. Bell, exceeded his

[Howard *v.* McLaughlin.]

powers in thus attempting to adjust the accounts of the firm and ascertain the interest of the separate partners. That such judgment, rendered without notice to the other member of the firm, and paid without his knowledge or consent, does not bind the firm or their creditors.

"That the debt due by W. & C. B. Howard to Miles & Bell remaining unpaid, was liable to attachment by the plaintiff, in this case, and the payment of the erroneous judgment in favor of Fink discharges no part of said debt.

"That the plaintiff is entitled to judgment upon the answers of the garnishees and proof in this case for the sum in their hands ($56.42) less the costs of this attachment."

Exceptions filed to the above decision were overruled by the court, and judgment was entered against the garnishees for $56.42. The garnishees thereupon took this writ of error, assigning for error the overruling of the exceptions and the entering of judgment.

*Newton* (*Green* with him), for the plaintiff in error.—The indebtedness of Miles & Bell to the plaintiff was not incurred until after the recovery and payment of Fink's judgment, before the justice of the peace, against C. B. & W. Howard, as garnishees. McLaughlin, therefore, was not prejudiced thereby: Hauer's Appeal, 5 W. & S. 473.

But even if that judgment had been voidable by Miles & Bell, or by the garnishees, on the ground stated by the learned judge in the court below, it was not void, and they did not object. The justice having had jurisdiction, his judgment cannot be attacked collaterally by a stranger in this proceeding: Bond *v.* Gardiner, 4 Binney 269; Baird *v.* Campbell, 4 W. & S. 191; Sloan *v.* McKinstry, 6 Harris 120; Kase *v.* Best, 3 Harris 101; Lewis *v.* Rogers, 4 Harris 18; Billings *v.* Russell, 11 Id. 189; Drexel's Appeal, 6 Barr 272; Wilkinson's Appeal, 15 P. F. Smith 189.

(No counsel appeared contra and no paper book was furnished.)

Mr. Justice PAXSON delivered the opinion of the court, October 3d 1881.

It is conceded that the plaintiffs, who were the garnishees below, had at one time in their hands the sum of $112.84 due the firm of Miles & Bell, and that they paid over one-half of this sum to the plaintiffs in this attachment before the trial of the case below: the other half of said sum was paid upon a judgment recovered in a prior attachment before a justice of the peace,

[Howard *v.* McLaughlin.]

issued by one Fink against J. D. Bell as defendant and the plaintiffs in error as garnishees.

The only question in this case is whether payment of the judgment recovered in the Fink attachment was valid.

It was contended by McLaughlin, the attaching creditor below, that said payment was invalid as against him for the reason that the attachment before the justice was against one only of the members of the firm of Miles & Bell; that the justice had no right in such a proceeding to give judgment against the garnishees for one-half the debt due from the Howards to the firm of Miles & Bell; that he had no jurisdiction to settle the equities between the members of the firm in this manner.

Conceding as a matter of law that the justice in an attachment issued upon a judgment against one partner has no right to settle the equities between the partners as was done in this case, the fact nevertheless remains that the justice had jurisdiction. If he made a mistake either in his law or his facts the party injured had his remedy by appeal. No appeal was taken, and the judgment of the justice became final. All of the parties to the proceeding were satisfied. Mr. Miles might have objected to the appropriation of the money of Miles & Bell to pay Mr. Bell's debt. But he never has objected, nor has he ever taken any step to avoid the judgment. It is true he says in his testimony that the appropriation was made without his consent. But he does not say it was done without his knowledge. If he had knowledge, which is probable, and did not object, it is too late to do so now. It is settled by a bead roll of authority that the judgment of a court of competent jurisdiction cannot be attacked collaterally.

The present attaching creditor has no right to complain, for the reason that the judgment before the justice was rendered, and the amount thereof paid by the garnishees, before he became a creditor of Miles & Bell. As all the parties to that proceeding appear to have been satisfied with the result he has no standing to attack it.

We are of opinion that upon the facts found by the learned court below the judgment should have been in favor of the garnishees.

> The judgment is reversed and judgment is now entered in favor of W. & C. B. Howard, garnishees, with costs.